UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER MARTINEZ,<br><br>Plaintiff(s),<br><br>v.<br><br>CENTRAL MORTGAGE COMPANY, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1190 JCM (PAL)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Christopher Martinez's motion for default judgment against MTC Financial, Inc. ("MTC") d/b/a Trustee Corps (Doc. #11). Also before the court are defendant MTC Financial Inc.'s motion to dismiss (doc. #12) and defendants Central Mortgage Company ("CMC"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS")'s motion to dismiss. (Doc. #17). Plaintiff also filed a motion to strike docs. ##24–27. (Doc. #28).

**I.    Background**

The action concerns the real property located at 1588 Wild Willey Way, Henderson, Nevada, which was encumbered by a deed of trust on the property that secured a promissory note in the amount of $153,750. Plaintiff acquired title to the property after the following events occurred regarding the loan. Delores Castelli ("Castelli") took out the original loan from Downey Savings and Loan Association, F.A. ("Downey"). (Doc. #1-2 at 16–17, Exh. 5). Castelli was the "borrower," Downey was the "lender" and "beneficiary," and DSLA Service Company was designated as the "trustee." (*Id.*). CMC acquired beneficial interest in the loan via Downey executing a corporate assignment of the deed of trust. (Doc. #1-2, at 43–44). MERS was assigned thereafter as "nominee" for CMC. A loan modification agreement was executed on July 23, 2012,

modifying the principal amount of the loan to $161,217.00. (Doc. #1-1 at 19). The property interest was later conveyed to Joann E. Kropp ("Kropp") via a deed upon death. (Doc. #1-2 at 57–58, Exh. 8).

Later that year after the transfer to Kropp, MTC was substituted as the trustee under the deed of trust. (Doc. #1-2 at 64–65, Exh. 9). MERS was then removed from the title of the property by assignment of its beneficial interest to CMC. (Doc. #1-2 at 67). Next, a new substitution of trustee was executed, which confirmed MTC as the trustee. (Doc. #1-2 at 69–70, Exh. 12). Thereafter, MTC recorded a notice of breach and election to sell the real property upon default of the loan payments. (Doc. #1-2 at 72–73).

On February 9, 2015, a notice of breach and default and election to cause sale of real property under deed of trust was recorded in the Clark County recorder's office. (Doc. #17). On March 13, 2015, Kropp transferred title for ten dollars to plaintiff, "the trustee of the 1588 trust,"[1] via a "warranty deed to trustee." (Doc. #1-2 at 79–83, Exh. 14). Defendants argue that the transfer may have been "an attempt to delay the foreclosure[.]" (Doc. #17 at 13). The plaintiff did not cure the default, and a notice of trustee sale was executed and recorded. (Doc. #1-2 at 85-86, Exh. 15). Plaintiff brought this action in an attempt to regain title of the property by challenging the foreclosure due to alleged invalid chain of transfer of the loan. He alleges five claims for relief in his complaint: 1) wrongful foreclosure; 2) fraudulent misrepresentation and fraudulent conveyance; 3) slander of title; 4) quiet title; and 5) violation of the Fair Debt Collection Practices Act ("FDCPA").

**II.     Legal Standards**

*A. Motion to dismiss*

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] To avoid confusion, the court would like to point out that plaintiff is the "trustee" to a *separate trust* on the security interest and is not "trustee" to the deed of trust. Plaintiff refers to himself as the "trustee of the 1588 trust" in the filings (*see, e.g.*, doc. #1 at 1–2; doc. #5 at 1; doc. #11 at 1; doc. #12 at 1; doc. #17 at 1, 9), a label which the defendants repeat.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678-79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

### B. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so "on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2).

## III. Discussion

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### A. Plaintiff's motion for default judgment against MTC

Plaintiff's request for default judgment is not appropriate in the present case. Under Rule 55, entering a default is applicable only "when a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* . . ." Fed. R. C. P. 55(a) (emphasis added). Defendants' motions to dismiss are an appropriate response to defend against an unfavorable judgment. (Doc. #12). Thus, default judgment is denied because defendants did in fact "answer *or otherwise respond to the complaint* . . . ." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) (emphasis added).

### B. Motions to dismiss by defendants MTC, CMC, MERS, and Deutsche Bank

#### 1. Standing

As an initial matter, the court must address plaintiff's argument that the assignments and/or substitutions of trustee regarding the loan invalidate the foreclosure. The Nevada Supreme Court has held that a borrower lacks standing to challenge the assignment of a mortgage when the borrower is neither a party to the assignment of the pooling service agreement or a third-party beneficiary to the transaction. *See Wood v. Germann,* 130 Nev. Adv. Op. 58, 331 P.3d 859, 861–

James C. Mahan
U.S. District Judge

- 4 -

862 (Aug. 7, 2014); *see also Christie v. Bank of N.Y. Mellon, N.A.*, 617 Fed. Appx. 680, 2015 WL 3621870 (9th Cir. June, 11, 2015) (holding that a mortgagor or borrower lacks standing to challenge irregularities in the assignment of his note or deed of trust because such assignment does not affect the borrower's obligations under the loan). Furthermore, an assignee has authority to appoint successor trustees in a deed of trust. *See Zodrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163 (9th Cir. 2013).

Since the assignments and/or substitutions of the loan do not affect plaintiff's ability to cure the default or make payments, the plaintiff lacks standing to challenge such transfers. Thus, in the present case, plaintiff lacks standing to challenge the assignment or transfer of the loan between beneficiaries and trustees because these assignments and substitutions did not prejudice plaintiff's ability to keep the loan payments current.

2.  First claim – Wrongful foreclosure

Plaintiff claims defendants' wrongfully foreclosed on his property because of their 1) invalid/unlawful transfers of the loan, 2) lack of authority to enforce the loan, and 3) improper/unlawful trustee substitutions. Defendants argue that plaintiff did not allege that the loan was current at the time of the foreclosure and that this is a fatal deficiency in plaintiff's pleading a wrongful foreclosure claim. (Doc. #12 at 12; Doc. #7 at 22).

The complaint labels the claim for relief as "First Cause of Action — Wrongful Foreclosure (NRS 107.080)." (Doc. #1 at 51). Consequently, it is unclear whether plaintiff alleges wrongful foreclosure or a violation of NRS chapter 107. Thus, the court will evaluate the allegations "by look[ing] at the substance of the claim . . .[,] not just the label . . . used in the . . . complaint[.]" *Nev. Power Co. v. Eighth Jud. Dist. Ct.*, 120 Nev. 948, 960, 102 P.3d 578, 586 (2004). This court will therefore engage in both routes of analysis. *See Hines v. Nat'l Default Serv. Corp.*, 2015 WL 4611941, slip op. at *2 (D. Nev. July 31, 2015) (discussing how the Supreme Court of Nevada analyzed both a wrongful foreclosure claim and a violation of NRS chapter 107 claim).

*i.   Wrongful foreclosure*

The Ninth Circuit has directly addressed this issue: "Nevada law requires that a trustor or mortgagor show a lack of default in order to proceed with a wrongful foreclosure claim. The

Nevada Supreme Court stated in *Collins v. Union Federal Savings & Loan Association*: 'An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale. Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.'" *In re Mortg. Electronic Registration Systems, Inc.*, 754 F.3d 772 (9th Cir. 2014) (quoting *Collins v. Union Fed. Savings & Loan Ass'n*, 99 Nev. 284, 662 P.2d 610 (1983)).

Here, plaintiff's complaint does not allege facts regarding the status of his loan at the time of foreclosure. Thus, plaintiff's complaint fails to state a proper claim for wrongful foreclosure.

*ii.    NRS Chapter 107*

Under NRS chapter 107, "the trustee may sell the property to satisfy the obligation only after certain statutory requirements are met." *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. Adv. Op. 48, 286 P.3d 249, 254 (Sept. 27, 2012). These requirements are outlined as follows:

> First, the trustee must give notice by recording a notice of default and election to sell and serving the grantor with a copy of that notice. NRS 107.080(2)(c). The grantor then has a certain number of days in which to make good the deficiency. NRS 107.080(2)(a) and (b). After at least three months have passed from the recording of the notice of default, the trustee must give notice of the sale. NRS 107.080(4). Once the sale is completed, title vests in the purchaser; upon court action, however, a sale may be voided if carried out without substantially complying with the statutory requirements. NRS 107.080(5).

*Id.* at 255.

In the present case, a notice of default and election to sell was executed and recorded. (Doc. #1-2 at 72–73). Thereafter, plaintiff did not attempt to cure the default. The above-mentioned notice requirements appear to be similarly met. There are no facts to support plaintiff's claim that defendants did not "substantially [comply]" with the requirements under the statute. Therefore, a claim for a violation of NRS chapter 107 lacks merit.

This court finds that plaintiff has failed to state a claim for relief for either wrongful foreclosure or a violation of NRS chapter 107 and dismisses claim one without prejudice.

. . .

James C. Mahan
U.S. District Judge

- 6 -

### 3. Second claim – Fraudulent misrepresentation and/or conveyance

#### i. *Fraudulent misrepresentation claim*

Plaintiff alleges that defendants CMC and MERS fraudulently misrepresented plaintiff by utilizing alleged fraudulent documents regarding the assignments of the loan. Defendants argue that plaintiff's fraud claim lacks requisite particularity tying the claim to each specific defendant. (Doc. #12 at 16; Doc. #17 at 23).

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity . . . ." In a fraud claim, plaintiff "must show that the defendant made a false representation that the defendant knew or believed was false, that the defendant intended to persuade the plaintiff to act or not act based on the representation, and that the plaintiff had reason to rely on the representation and suffered damages." *See Franchise Tax Bd. of Cal. v. Hyatt*, 100 Nev. Adv. Op. 71, 335 P.3d 125 (Sept. 18, 2014).

Plaintiff argues that that CMC, MTC, and MERS "have intentionally, negligently, and fraudulently executed and recorded the NOD [notice of default], assignments #1 and #2, SOTs [substitution of trustee] #1 and #2 – without the requisite legal authority granted to the defendants, from the *purported,* current Castelli Note-holder and Trust Deed beneficiary; who is, *purportedly,* Deutsche as Trustee of the Securitized Trust . . . ." (Doc. #1 at 67). Plaintiff does not provide particular facts or evidence to support that defendants fraudulently misrepresented these assignments, transfers, and/or substitutions; thus, the court finds that plaintiff's allegations under a fraudulent misrepresentation claim have not adequately been pled.

#### ii. *Fraudulent conveyance claim*

Plaintiff next argues that conveyance was invalid and fraudulent, attacking the assignments and substitutions as being fraudulent transfers of interest in land. (Doc. #1 at 69). Plaintiff alleges MERS was an agent of Downey and not of CMC and thus claims the assignment #1 was invalid; plaintiff then draws a conclusory allegation that "[t]hus, assignment #2 is, *obviously*, an invalid assignment and fraudulent conveyance of real property." (Doc. #1 at 69). The court disagrees with plaintiff's analysis here and finds that the chain of transfer and assignment is well-documented.

James C. Mahan
U.S. District Judge

As previously stated, borrowers do not have standing to challenge assignment irregularities. *See Boza v. U.S. Bank NA*, 606 Fed. Appx. 357 (9th Cir. June 1, 2015) (stating that "[a] borrower challenging the validity of an assignment must do more than point to ambiguities in the public record related to when the assignment was recorded."); *Christie v. Bank of N.Y. Mellon, N.A.* 617 Fed. Appx. 680, 2015 WL 3621870 (9th Cir. June, 11, 2015).

Plaintiff's claim goes to the heart of who had authority to do what in the debt collecting and foreclosing process of his loan. The Ninth Circuit in *In re Davies* held that Deutsche Bank, a creditor, was a valid assignee of borrower's deed of trust, had authority to record the assigned deed of deed, and also had authority to initiate foreclosure proceedings, despite the assignment being executed by MERS. *In re Davies*, 565 Fed. Appx. 630, 632–33 (9th Cir. Mar. 24, 2014). The facts in the present case are similar because of the multiple assignments and substitutions of trustees regarding defendants. Plaintiff's claims are conclusory and lack any requisite support that the assignments were invalid.

Thus, the court finds that the conclusory nature of plaintiff's attacks on the assignment and transferring of the loan does not lend the requisite particular support to the documents being utilized to fraudulently misrepresent plaintiff or fraudulently convey the land. Plaintiff's claim for fraudulent misrepresentation and/or fraudulent conveyance is thus dismissed without prejudice.

    4.   Third claim – Slander of title

Slander of title involves "false and malicious communications that disparage a person's title in land and cause special damages." *Higgins v. Higgins*, 103 Nev. 443, 445, 744 P.2d 530, 531 (1987); *cited with approval in Executive Mgmt. Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 842, 963 P.2d 465, 478 (1998); *McKnight Family, LLP v. Adept Mgmt. Serv., Inc.,* 129, Nev. Adv. Op. 64, 310 P.3d 555, 559 (Oct. 3, 2013).

Here, the claim stems from the alleged fraudulent documents regarding the assignments, transfers, and/or substitutions of trustee. (*See* Doc. #1 at 77-78). Due to plaintiff's lack of particularity in the specific facts of the fraudulent nature of the assignments, transfers, and substitutions of trustee, the fraudulent misrepresentation claim is dismissed by the court. Similarly,

the court dismisses plaintiff's slander of title claim without prejudice because plaintiff must allege particular facts demonstrating a false and malicious communication.

     5.   Fourth claim – Quiet title

Plaintiff next alleges a claim for quiet title under NRS 40.010. (Doc. #1 at 78-82). Defendants argue that plaintiff fails to plead a valid claim for quiet title. Particularly, defendants argue that plaintiff failed to keep the loan current, which was secured by the deed of trust on the property; thus, plaintiff is once again "challeng[ing] CMC's right to foreclose based on alleged irregularities in the securitization of the loan." (Doc. #17 at 25)

"NRS 40.010 governs Nevada quiet title actions and provides: 'An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.' A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev. Adv. Op. 34, 302 P.3d 1103, 1106 (citing *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992); *Hodges Transp., Inc. v. Nevada*, 562 F. Supp. 521, 522 (D. Nev. 1983)).

Plaintiff once again argues that due to the assignments, transfers, and/or substitutions of the loan that the foreclosure was invalid because defendants lacked standing to foreclose. (*See, e.g.*, Doc. #1 at 79). However, as discussed above, a borrower may not challenge such assignments under the loan when the assignments/transfers do not affect his loan obligations and he is not a party to the transaction. *See Boza v. U.S. Bank NA,* 608 Fed. Appx. 357 (9th Cir. June 1, 2015) (stating that "[a] borrower challenging the validity of an assignment must do more than point to ambiguities in the public record related to when the assignment was recorded."); *see also Christie v. Bank of N.Y. Mellon, N.A.* 617 Fed. Appx. 680, 2015 WL 3621870 (9th Cir. June, 11, 2015).

Plaintiff's claim to relief is dependent on whether he has superiority in title. As a borrower in default that failed to cure such default, the court finds that plaintiff has no claim of superior title here for the foreclosed-upon property. Thus, the court dismisses claim four with prejudice.

      6.   Fifth claim – Federal Debt Collection Practices Act

Plaintiff's final claim alleges a violation of the Federal Debt Collection Practices Act ("FDCPA"). The statute prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). The court finds that plaintiff's fifth claim fails because he cannot support his above claim of fraudulent misrepresentation or fraudulent conveyance; thus, there would be no "false, deceptive, or misleading representation" under the statutory language to bring the action against. *See id.*; *Christie v. Bank of N.Y. Mellon*, *N.A.* 2015 WL 3621870, 617 Fed. Appx. 680, 683 (9th Cir. June, 11, 2015).

Due to plaintiff's lack of support for the claim, his complaint fails to sufficiently plead a claim for fraudulent misrepresentation. Thus, the court dismisses claim five without prejudice.

   C. *Plaintiff's motion to strike*

Plaintiff filed a motion to strike docs. ##24 through 27, due to untimely filing by opposing counsel. (Doc. #28). Alternatively, plaintiff argues that the affirmative defenses of 'securitization issues' by defendants are "inmaterial and impertinent" in the present case because that is not what plaintiff alleged in his complaint. Thus, plaintiff is seeking to strike the portions of docs. ##12, 17, 24, and 26 regarding the affirmative defenses of securitization issues by defendants, and/or entirely strike docs. ##24 through 27 due to the same securitization affirmative defense being inapplicable to plaintiff's claims.

The court has discretion to strike filings by the parties for alleged insufficient defenses. *See* Fed. R. Civ. P. 12(f) (stating "the court *may* strike from a pleading an insufficient defense . . ."). It is important to note that plaintiff did argue that chain of transfer was improper when discussing the pooling service agreement, which is part of the securitized trust. (*See, e.g.*, Doc. #1 at 55-56). Thus, the court does not find it appropriate to strike the defendants' securitization arguments. The court further considers this point as moot, considering the above dismissal of the plaintiff's claim for relief and denial of plaintiff's motion for default judgment.

Furthermore, while some portions of the defendants' statements may be duplicative, this does not make the documents "redundant, inmaterial, impertinent, or scandalous." Fed. R. Civ. P.

**James C. Mahan**
**U.S. District Judge**

1 12(f). Thus, the court does not find that the documents should be stricken and denies plaintiff's
2 motion to strike.

### IV. Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for default judgment (doc. #11) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant MTC Financial Inc.'s motion to dismiss (doc. #12) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUGED, AND DECREED that defendants Central Mortgage Company ("CMC"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS")'s motion to dismiss. (Doc. #17) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff Christopher Martinez's motion to strike (doc. #28) be, and the same hereby is, DENIED as moot.

Accordingly, the clerk is instructed to close the case.

DATED March 7, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 11 -