UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER MARTINEZ,<br><br>Plaintiff(s),<br><br>v.<br><br>CENTRAL MORTGAGE COMPANY, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1190 JCM (PAL)<br><br>ORDER |

Presently before the court is defendants Central Mortgage Company's and Deutsche Bank National Trust Company's "emergency motion to expunge lis pendens." (ECF No. 45). Plaintiff Martinez responded *pro se*. (ECF No. 46). Defendants replied. (ECF No. 47).

This court dismissed plaintiff's claims. (ECF No. 40). The clerk entered final judgment on March 8, 2016 in favor of defendants. (ECF No. 41).

Plaintiff appealed. (ECF No. 42). On March 20, 2017, the a panel of the Ninth Circuit issued a memorandum disposition affirming this court's final judgment. (ECF No. 44). On April 4, 2017, plaintiff-appellant filed a 16-page petition for rehearing en banc. (*See* Ninth Circuit Case No. 16-15587, ECF No. 26). The en banc court has yet to rule on this petition, and no mandate has issued from the Ninth Circuit returning this case to the district court.

When a case has been appealed, the district court is generally divested of jurisdiction over any aspect of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Fuleihan v. Wells Fargo Bank, N.A., et al.*, No. 2:13-cv-01145-JCM-NJK (D. Nev. June 22, 2016) (ECF No. 62) (denying, without prejudice, motion to expunge *lis pendens* for lack of jurisdiction); *Habon v. Mortg. Elec. Reg. Sys., Inc.*, No. 3:10-cv-191-RCJ-VPC, 2012 WL 5944892, at *3 (D. Nev. Nov. 26, 2012) (same).

**James C. Mahan**
**U.S. District Judge**

"That rule of exclusive appellate jurisdiction is a creature of judicial prudence, however, and is not absolute." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *Hoffman v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir.1976). "It is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Id.* (citing 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11 at 3–44 n. 1 (2d ed. 1983).

Expunging the lis pendens distrupts the status quo and may affect the title or status of the property at the center of this litigation. This is not a collateral issue, such as a post-judgment motion for attorney fees, that has little to no affect on the merits of the case. Instead, granting this motion would allow the defendants to more easily transfer title of the subject property upon which this litigation centers. Here, as this court noted in *Fuleihan*, "[w]hile the *lis pendens* in this case is not a direct issue on appeal, the propriety of its maintenance depends on the appeal court's resolution of the case." *See* No. 2:13-cv-01145-JCM-NJK (D. Nev. June 22, 2016) (ECF No. 62 at 3).

A petition for rehearing en banc, as plaintiff-appellant has filed in the appeal in this case, is an appellate procedure that stays the Ninth Circuit's mandate until after the resolution of the petition. *See* Fed. R. App. P. 41(d)(1) ("The timely filing of a petition for . . . rehearing en banc . . . stays the mandate until disposition of the petition or motion, unless the [appellate] court orders otherwise."). Therefore, this court does not have jurisdiction to grant this motion.

Accordingly,

IT IS HEREBY ORDERED that defendants' emergency motion to expunge lis pendens (ECF No. 45) is DENIED without prejudice.

DATED November 6, 2017.

                                                                        */s/ James C. Mahan*
                                                                      UNITED STATES DISTRICT JUDGE